## MARY PORTER *v.* LOU PORTER *et al.*

SALE. *Of land of persons under disability.* *Necessity for a mother to be with her children to educate them.* *No ground to sell part of their joint lands.* Under the provisions of the Code in Sections 3,323, 3,332 and 3,331, a widow and three minor children, being the owners of a valuable tract of land near Columbia, Tenn., asked the Court to decree the sale of 84 acres of said land, to enable her to complete the purchase of a house in Columbia for herself and children, the personal property having been exhausted by the war, upon the ground that there were no suitable schools or churches near the farm for the education of the children, and to avoid being separated from them while at school: that the rents of the residue of the land was sufficient to support the family; that the 84 acres may be detached without injury to the remainder of the tract. The Court refused the prayer of the bill, upon the ground that it did not sufficiently appear that it was to the interest of the minors that the land be sold, as the money was not needed to pay for their education or maintenance.

### FROM MAURY.

Appeal from the Chancery Court. Wm. S. FLEMING, Chancellor.

Mary Porter *v,* Lou Porter *et al.*

W. C. WHITTHORNE for Mary Porter.

JAMES H. THOMAS, attorney and guardian *ad litem,* for Lou Porter *et al.*

McFARLAND, J., delivered the opinion of the Court.

W. P. Porter, by his will, left his estate to his wife and three children, one share to each, but there was to be no division during the minority of the children, unless the widow should marry again. In the second clause he says: "I will and desire that there shall be no sale of my property, either real or personal, but I desire the whole of the same shall be kept together without sale, as I have means sufficient to pay my debts, funeral and monumental expenses without such sale." The same is, in substance, repeated in another clause of the will, in which he expresses the desire that his wife and children should all live together and use and enjoy the property, and the children shall be suitably educated. This bill is filed by the widow against the children who are minors, asking the Court to assent to a sale which she has contracted, of about eighty-four acres of the land. The facts alleged and proven by one witness, upon which this is asked, are, in substance, that by the results of the late war, and the fact that the estate was held liable for demands not contemplated by the testator, the personal estate has been almost entirely consumed, leaving nothing but the real estate. It is not alleged, however, that there are any other debts remaining unpaid. The real estate

Mary Porter *v.* Lou Porter *et al.*

consists of a little more than 500 acres of valuable land, lying five miles from Columbia. At the filing of the bill the oldest child was thirteen years of age, the youngest seven. That there are no suitable schools or churches near the farm, and, desiring to educate her children, and do so without being separated from them, she purchased a house and lot in Columbia, at a price that she proves is reasonable. She had some means outside of her husband's estate, and with this and the rents she expected to pay for the town property, but was disappointed, and was able to make only one of the payments. She has no means of completing the purchase except by a sale of part of the land, and for this purpose she contracted a sale of about eighty-four acres of the land at the price of $35 per acre, which she proves to be a full price. It is shown that this eighty-four acres may be detached from the farm without injury to the remainder, and that the rents of the remainder will support the family. Upon these facts the Chancellor decreed the sale. In a chapter in the Code devoted to this subject, it is provided that such sale may be made: 1st, when it is necessary for the support, education, and maintenance of the person under disability; and, 2nd, when it is manifestly to the interest of such person. The concluding section of the chapter (Sec. 3,340) provides that in no case shall property be sold if it be claimed under a will which expressly directs otherwise. If it be conceded for the argument that under the inherent power of the

Court, a sale might be decreed in a proper case, notwithstanding this provision. Still, the facts showing the necessity, or showing the sale to be to the interest of the minors, should clearly appear. Sections 3,331 and 3,332 provide that the propriety of the sale shall appear to the satisfaction of the Court, by proof of facts established by unexceptionable and disinterested witnesses, and not by statements of opinions. The testimony shall· be full, ample, and satisfactory, and leave no reasonable doubt on the mind of the Court as to the propriety of granting the relief sought.

We fully recognize the importance of properly educating the minor children, and, furthermore, that if possible, this should be done without separating them from their mother, but we do not see that this establishes either that it is necessary to sell their land, or that it is to their interest to do so. It is not insisted that it is necessary to sell the land to raise funds to educate the children. Assume, for the argument, that, if proper or even necessary that during the education of the children the complainant should reside with them in Columbia, this does not establish that it is either necessary or to their interest to sell the land and purchase this town property; for all we can see from the facts in this record, it might be to the interest of the children to retain the land, and procure a temporary residence in Columbia in some other way. ,

If it was made to appear by her proof of facts

Mary Porter *v.* Lou Porter *et al.*

showing the value of the land, the rents, expenses attending it, and the proof of such facts as will show clearly the necessity or propriety of the sale and purchase of the town property, then the question would arise as to whether the Court would decree a sale, notwithstanding the provisions of section 3,340 of the Code. But the proof in this case, we think, falls far short of presenting such a case. The decree must be reversed and the bill dismissed, but without prejudice to the complainant's right to present the case in a different aspect. Complainant will pay the costs.